## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| United States of America | CRIMINAL COMPLAINT |
|---|---|
| v. | CASE NUMBER: 23-5148MJ |
| Augustin Angulo Arrellano | |

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

On or about the date described in Attachment A in the County of Maricopa in the District of Arizona, the defendant committed the crime of Possession of Ammunition by an Alien Unlawfully Present in the United States, in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8), an offense described as follows:

**See Attachment A – Description of Count**

I further state that I am a Law Enforcement Officer (LEO) for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and that this complaint is based on the following facts:

**See Attachment B, Statement of Probable Cause, Incorporated by Reference Herein.**

Continued on the attached sheet and made a part hereof:   ☒ Yes    ☐ No

AUTHORIZED BY: __Coleen Schoch, AUSA__

Lowell Farley, Special Agent, ATF
Name of Complainant

LOWELL FARLEY
Digitally signed by LOWELL FARLEY
Date: 2023.03.25 21:00:16 -07'00'
Signature of Complainant

Sworn to telephonically before me
    March 25, 2023 at 9:26 pm            at    Phoenix, Arizona
Date                                             City and State

HONORABLE DEBORAH M. FINE
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

# ATTACHMENT A
## DESCRIPTION OF COUNT

### COUNT 1
**Possession of Ammunition by an Alien Unlawfully Present in the United States**

On or about March 24, 2023, in the District of Arizona, Defendant AUGUSTIN ANGULO ARRELLANO, knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess ammunition, to wit: 11 cases (approximately 2,750 rounds) of CBC brand .50 BMG ammunition; and 13 cases (approximately 13,000 rounds) of Kalashnikov USA brand 7.62 x 39 mm ammunition, which had each previously been shipped or transported in interstate or foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8).

## ATTACHMENT B
## STATEMENT OF PROBABLE CAUSE

I, Lowell I. Farley, Jr., a Senior Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this statement in support of a criminal complaint against AUGUSTIN ANGULO ARRELLANO for a violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8), Possession of Ammunition by an Alien Unlawfully Present in the United States.

2. I am a Senior Special Agent (SSA) with Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) and have been since March 2005. I am a graduate of the Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Program (CITP) and a graduate of the ATF National Academy Special Agent Basic Training (SABT) programs in Glynco, Georgia. I am an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses, particularly those laws found in Title 18 of the United States Code.

3. I am currently assigned to the Phoenix Field Division in Phoenix, Arizona. As an ATF SSA, I have conducted investigations targeting individuals and groups engaged in acts, conspiracies, plots, plans, and various violations of the statutes enacted within the Gun Control Act of 1968, Title 18, U.S.C., Chapter 44, and of the statues enacted within the National Firearms Act of 1934, Title 26, U.S.C., Chapter 53. I have experience in all aspects of investigations to include, interviewing defendants, witnesses, and informants, utilizing physical and electronic surveillance techniques, and writing and executing search and arrest warrants. I have extensive experience in processing crime scenes and the identification, collection, processing, and preservation of evidence for use in federal criminal investigations.

4. The statements contained in this Affidavit are based on information derived from my personal knowledge, training and experience; information obtained from the

1

knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits.

### PROBABLE CAUSE

5. On March 24, 2023, I received information that AGUSTIN ANGULO ARRELANO had completed multiple bulk purchases of ammunition in .50 BMG caliber and in 7.62 x 39 mm caliber at a business located in the greater Phoenix area using a form of identification issued by the government of Mexico.

6. On that same date, I was notified that ANGULO was physically present at that business attempting to make another similar bulk purchase of ammunition in .50 BMG caliber and in 7.62 x 39 mm caliber. The business had turned ANGULO away earlier that day because ANGULO did not have a form of identification issued by the United States or the State of Arizona; however, ANGULO returned to the business the same day with another adult Hispanic male who produced an identification card issued by the State of Arizona. This male requested to purchase the same 11 cases (approximately 2,750 rounds) of CBC brand .50 BMG ammunition that ANGULO had attempted to purchase, plus 13 cases (approximately 13,000 rounds) of Kalashnikov USA brand 7.62 x 39 mm ammunition. He paid for the 24 cases of ammunition for $15,807.20 in cash.

7. ATF SAs and TPD officers observed ANGULO and the man who purchased the ammunition loading the ammunition into a black Cadillac Escalade with Pennsylvania license plates. ANGULO drove away in the Escalade, while the purchaser drove away in a different vehicle.

8. A Homeland Security Investigations (HSI) Special Agent confirmed that AUGUSTIN ANGULO ARRELLANO is unlawfully present in the United States.

9. TPD officers followed the Escalade and conducted a traffic stop based on my knowledge that ANGULO was unlawfully present and therefore unlawfully in possession of ammunition.

10. While at the scene, I learned the following information:

   a. At the traffic stop, TPD officers found ANGULO was driving the Escalade and an adult Hispanic female was riding in the front passenger seat.

   b. Law enforcement officers observed bulk amounts of ammunition in plain view in the rear cargo area of the Escalade. Law enforcement officers also observed one box of .38 Super caliber ammunition in the bottom tray shelf of the front passenger door.

   c. ATF agents, having observed pistol caliber ammunition in the front part opened a compartment adjacent to the center console and observed at least four rounds of .38 Super caliber ammunition. Upon opening the center console, agents found an Armscor/Rock Island Armor, Model 1911A1, .38 Super caliber semi-automatic pistol inside a black purse loaded in the center console. The pistol was loaded with one round of ammunition in the chamber. A separate loaded magazine for the Armscor pistol was also found in the purse.

   d. The passenger was interviewed by two Spanish-speaking ATF SAs and advised of her constitutional rights in Spanish. She acknowledged that she understood her rights and agreed to give a voluntary statement to law enforcement. She advised that ANGULO had purchased the ammunition with help from the adult Hispanic male, that the firearm in the Escalade belonged to ANGULO, and that she was a Mexican citizen currently visiting the United States. She further advised that ANGULO knew that he was unlawfully present in the United States illegally and knew that he could not legally possess firearms or ammunition for that reason.

  11. At TPD headquarters, two Spanish-speaking ATF SAs advised ANGULO of his constitutional rights in Spanish. ANGULO acknowledged that he understood his rights and gave a voluntary statement to law enforcement. ANGULO stated that he knew that he was unlawfully in the United States and that he knew that he could not possess firearms or ammunition. ANGULO advised that the pistol recovered from the Escalade was his and that ANGULO's son had purchased this pistol for him. ANGULO further stated that he had attempted to purchase the ammunition himself earlier in the day, but

was denied because of his Mexican identification. ANGULO stated that he had asked an acquaintance to purchase the ammunition on his behalf, and that ANGULO had provided him with the cash for the purchase and told the acquaintance what to purchase. They had then loaded the ammunition into the Escalade that ANGULO was driving.

12.  I examined the ammunition seized from ANGULO's vehicle. Based on this examination and my knowledge and experience as an ATF interstate nexus expert and a recognized expert for origin and interstate nexus for firearms in the United States District Court for the District of Arizona and for the Southern District of Texas, I know that no ammunition is manufactured in the State of Arizona. Therefore, the ammunition found in the Escalade in the State of Arizona had traveled in interstate or foreign commerce.

## CONCLUSION

13.  For these reasons, I submit that there is probable cause to believe that AUGUSTIN ANGULO ARRELLANO committed the crime of Possession of Ammunition by an Alien Unlawfully Present in the United States, in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8).

_Digitally signed by LOWELL FARLEY_
_Date: 2023.03.25 21:01:16 -07'00'_

Lowell Farley
Senior Special Agent, ATF

Sworn to and subscribed electronically this 25th day of March, 2023. at 9:26 pm

HONORABLE DEBORAH M. FINE
United States Magistrate Judge